UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SANDRA ROSALES,

    Plaintiff,

v.

COMPASS GROUP USA, INC., MORRISON
MANAGEMENT SPECIALISTS, INC. d/b/a
Morrison Living, ST. JOHN'S REHABILITATION
HOSPITAL AND NURSING CENTER, INC.
d/b/a St. Anthony's Rehabilitation Hospital,
and ALEXIS ALLEN,

    Defendants.
_____/

**COMPLAINT**

Sandra Rosales ("Rosales"), by and through undersigned counsel, on her behalf, hereby files this Complaint and sues Defendants, Compass Group USA, Inc. ("Compass Group"), Morrison Management Specialists, Inc. ("Morrison") St. John's Rehabilitation Hospital and Nursing Center, Inc. d/b/a St. Anthony's Rehabilitation Hospital ("St. John's"), and Alexis Allen ("Allen"), individually, ("Morrison", "St. John's", and "Allen" are collectively referred to as "Defendants") and alleges as follows:

**Jurisdiction and Venue**

1. This suit is brought against the Defendant pursuant to 29 U.S.C. § 201 *et seq.* ("Fair Labor Standards Act" or "FLSA").

2. Jurisdiction is conferred upon this Court by:

    (a)    28 U.S.C. § 1331;

  (b) 28 U.S.C. § 1343; and

  (c) 29 U.S.C. § 216(b), which allows for a FLSA claim to be brought in any court of competent jurisdiction.

3. Venue is proper for the Southern District of Florida because:

  (a) Rosales was employed in the Southern District of Florida by the Corporate Defendant's which at all material times conducted, and continues to conduct, business in Broward County; and

  (b) Additionally, venue lies because the acts that gave rise to Rosales's claims occurred in the Southern District of Florida and because the Corporate Defendant's keep an office for the transaction of its customary business in this district and Allen resides in Broward County.

### Conditions Precedent/Administrative Exhaustion

4. Rosales has complied with all conditions precedent in this case, or they have been waived.

### PARTIES

5. Rosales resides within this judicial district.

6. Defendant Morrison is a foreign corporation qualified to do business in the State of Florida which, at all times material, conducted substantial and continuous business in this judicial district, and is subject to the laws of the State of Florida and the United States.  Defendant Morrison is a management company that provides foodservices in the healthcare industry employing hundreds of dieticians, executive chefs, and other foodservice employees in and for Defendant Compass Group USA and St. John's Rehabilitation Nursing Center which is a senior living community.

7. Defendant Compass Group is a foreign corporation qualified to do business in the State of Florida which, at all times material, conducted substantial and continuous business in this judicial district, and is subject to the laws of the State of Florida and the United States. Compass Group specializes in providing senior living communities and the various management services that go along with them including the provision of foodservices.

8. Defendant St. John's is a Florida not-for-profit corporation qualified to do business in the State of Florida which, at all times material, conducted substantial and continuous business in this judicial district, and is subject to the laws of the State of Florida and the United States. Defendant St. John's principal place of business is in Lauderdale Lakes, Florida and it provides a senior living community.

9. The corporate Defendants are joint employers, paid employees and paid Rosales and it has gross annual sales volume that greatly exceeds $500,000 annually, at least for years 2015-2021. The Corporate Defendants have two or more employees engaged in commerce, as it has two or more who handle, work on, and use goods or materials that have been moved in interstate commerce and/or manufactured outside the state of Florida. Defendants have at least 2 employees two or more who use computers, computer software, office supplies, copiers which were manufactured outside the State of Florida (and thus have moved in interstate commerce), and the employees frequently communicate across state lines through submission of billings and receipt of payment involving out-of-state medical payors, and out-of-state insurers, culinary companies, and out-of-state support services on a daily basis, and are involved in the movement and distribution of food and cleaning services products. Further, the Defendants have a team of employees who work in other states and the various employees made long distance phone calls and sent emails, correspondence and shipments to individuals who

reside out of the State of Florida regularly and recurrently to effectively communicate for the businesses to operate.

10. Rosales is entitled to individual coverage, as she regularly and recurrently handled and unloaded cleaning products and occasionally food products in order to have performed her job with the Defendants in the Defendant's rehabilitation center and thus she participated in the actual movements of goods or services and commerce across state lines, as numerous of Defendants' clients reside out of state permanently or at least for parts of the year and Rosales communicated with them regularly which resulted in numerous phone calls per day that were out of state that resulted in the client changing investment choice or making additional investments in securities and alternative investments.

11. Individual Defendant Allen is manager of the corporate Defendant's location in Fort Lauderdale and operates it day-to-day and has operational control over that location deciding all financial decisions and having say over numerous employees and directing their work day-to-day, as the individual Defendant had the power the hire and fire, daily managed the company and its location and was ultimately responsible for the profitability of the location. Allen knew that Rosales was working overtime and continued to assign her work that required Rosales to work overtime hours, but the corporate Defendant learned by Rosales calling Human Resources complaining that overtime was being worked and not being paid and ignored Rosales allowing her to work overtime without proper pay and then fired her for her complaints. Allen thus had day-to-day operational control of a Fort Lauderdale location of Defendants.

12. The corporate Defendant was an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act, and so too is the individual Defendant.

13. The corporate Defendant is an "enterprise" pursuant to 29 U.S.C. § 203(r) of the Fair Labor Standards Act.

14. The corporate Defendant is an enterprise "engaged in commerce" pursuant to 29 U.S.C. § 203(s) of the Fair Labor Standards Act. During all times relevant to this action, all corporate Defendant was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

15. Rosales is an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act, and was an employee of the Defendants because the Department of Labor's regulation clearly sets forth that all three corporate entities found to be joint employers are jointly and severally liable under the FLSA, as follows:

> [i]f the facts establish that the employee is employed jointly by two or more employers, *i.e.*, that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purpose of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the Act, including overtime provisions . . . .

29 C.F.R. § 791.2(a) (2002).

16. Rosales was a non-exempt employee of Defendant who was subject to the payroll practices and procedures described in Paragraphs 23, 24, and 25 below, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Rosales performed services for Defendant for which no provision was made to properly pay for those hours in which overtime was required to be paid, which requires the payment of wages at time and one-half for all hours worked in excess of forty (40) hours in each workweek.

## STATEMENT OF FACTS

17. Rosales began working for Defendants on or about February 26, 2021 until on or about May 18, 2021.

18. During her employment with Defendants, Rosales was generally compensated at a rate of $10.00 per hour.

19. During her employment with Defendants and despite Defendants' knowledge of her work hours, Rosales would work beyond forty (40) hours per week but would not receive full/proper overtime wages.

20. At the start of Rosales employment, Defendant Allen informed Rosales that the company does not pay overtime. True to her word, Defendants failed to pay Rosales proper overtime wages; when Rosales worked overtime hours, Defendants only paid Rosales anything for time worked over 40 hours in a work week.

21. After Rosales complained about her overtime, Defendants fired her in retaliation.

## COUNT I

### UNPAID OVERTIME VIOLATION AGAINST CORPORATE DEFENDANT'S UNDER THE FLSA

22. Rosales re-alleges and incorporates by reference the allegations in paragraphs 1 through 21 as if fully set forth herein.

23. In the course of employment with Defendant, Rosales worked the number of hours required of her, but were not paid time and one-half for all hours worked in excess of forty (40) during a workweek.

24. Rosales regularly worked in excess of forty (40) hours per workweek, but was not paid for her overtime hours including lunch time though she worked through it and was not

completely relieved of duty and tried to put more than 40 hours on her time sheets but was told by the individual Defendants she would not be paid for any time over 40 hours.

25. The Defendant should have partial records of hours worked, because she filled out the timesheets/clock as indicated above.

26. The annual volume of sales or business for Defendant exceeded $500,000 during 2021 and is expected exceed $500,000 at the conclusion of 2022.

26. As part of its business, Corporate Defendant's sold goods and materials that traveled through interstate commerce during the relevant period.

27. During the relevant period, corporate Defendant's obtained and solicited funds from non-Florida sources (i.e., sales), accepted funds from non- Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

28. During the relevant period, corporate Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

29. Corporate Defendants engaged in interstate commerce and was subject to the FLSA during all relevant periods.

30. During Rosales's employment with corporate Defendants, Rosales worked over forty (40) hours per week on numerous occasions.

31. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Corporate Defendant's never compensated Rosales at the rate of time-and-a-half for all overtime hours worked.

32. Corporate Defendant's intentionally refused to pay Rosales overtime wages she is owed under the FLSA.

33. Corporate Defendant's is in violation of the FLSA and owes Rosales backpay.

34. In addition, Corporate Defendant's is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

WHEREFORE, Rosales respectfully requests that the Court:

    a. Enter judgment against Corporate Defendant's under the FLSA;
    b. Award Rosales actual damages for the unpaid overtime wages;
    c. Award Rosales liquidated damages;
    d. Award Rosales attorneys' fees and costs;
    e. Award Rosales all recoverable interest; and
    f. Award any other relief this Honorable Court deems just and proper.

## COUNT II

**UNPAID OVERTIME VIOLATION AGAINST DEFENDANT ALLEN UNDER THE FLSA**

35. Rosales re-alleges and incorporates by reference the allegations in paragraphs 1 through 25 as if fully set forth herein.

36. ALLEN operated the day-to-day activities of Defendants' business, had supervisory authority over Rosales, had control/ access to Rosales's records for work hours, and was partially or totally responsible for paying Rosales's wages.

37. ALLEN scrutinized Rosales work and controlled how Rosales did her job.

38. During Rosales's employment with Defendants, Rosales worked for Defendants over 40 hours per week.

39. During her employment with Defendants, Rosales worked overtime hours for which she was not compensated at a rate of no less than one-and-one- half her regular rate of pay as required by the FLSA.

40. Rosales is owed unpaid overtime compensation pursuant to the FLSA.

41. ALLEN did not compensate Rosales for her overtime despite his knowledge of the overtime hours Rosales worked.

42. ALLEN is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

WHEREFORE, Rosales respectfully requests that the Court:

a. Enter judgment for Rosales against ALLEN under the FLSA;
b. Award Rosales actual damages for the unpaid wages;
c. Award Rosales liquidated damages;
d. Award Rosales his attorneys' fees and costs;
e. Award Rosales all recoverable interest; and
f. Award any other relief this Honorable Court deems just and proper.

## COUNT III

### RETALIATION IN VIOLATION OF THE FLSA

43. Title 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

44. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

45. The motivating factor that caused Rosales's discharge as described above was Rosales's complaints regarding Defendant's unlawful pay practices and Defendant's refusal to pay monies due and owing to her under the FLSA.

46. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Rosales has been damaged.

WHEREFORE, Rosales respectfully prays for the following relief against Defendant:

a. Enter judgment against Defendant's under the FLSA;
b. Award Rosales actual damages for the unpaid minimum wages and/or overtime wages;
c. Award Rosales liquidated damages;
d. Award Rosales attorneys' fees and costs;
e. Award Rosales all recoverable interest; and
f. Award any other relief this Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Rosales hereby requests a trial by jury with respect to all claims so triable.

Dated: January 30, 2023.

By: /s/Allyson Kisiel
Chris Kleppin
Fla. Bar No. 625485
chris@kleppinlaw.com
Allyson Morgado
Fla. Bar No. 91506
allyson@kleppinlaw.com
The Kleppin Law Firm
*Attorneys for Rosales*
8751 West Broward Blvd- Suite 105
Plantation, Florida 33324 - Tel. (954) 424-1933
Secondary E-Mails:   assistant@gkemploymentlaw.com