UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:23-cv-60165-RAR

SANDRA ROSALES,

    Plaintiff,

v.

COMPASS GROUP USA, INC., MORRISON
MANAGEMENT SPECIALISTS, INC. d/b/a
Morrison Living, ST. JOHN'S REHABILITATION
HOSPITAL AND NURSING CENTER, INC.
d/b/a St. Anthony's Rehabilitation Hospital and
ALEXIS ALLEN,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND
## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, Sandra Rosales ("Rosales") and Defendants, Compass Group USA, Inc. ("Compass"), Morrison Management Specialists, Inc. ("Morrison"), St. John's Rehabilitation Hospital and Nursing Center, Inc. ("St. John's") and Alexis Allen ("Allen") (collectively the "Defendants"), in connection with the parties' settlement in this case, hereby jointly request that this Court approve their settlement and dismiss this matter with prejudice, and in support the parties state as follows:

1.    This is an action filed under The Fair Labor Standards Act ("FLSA") in which Plaintiff sought recovery for overtime allegedly due and owing to her, along with damages for alleged FLSA retaliation. Defendants deny Plaintiff's allegations and dispute the validity of her claims. After the voluntary exchange of information and documents, the parties have reached a resolution of this matter.

2. Plaintiff alleged in her Complaint that she was not properly paid overtime at the rate of time and one half. Defendants denied that Plaintiff was entitled to any overtime. Nevertheless, the Parties were able to resolve the matter.

3. This case primarily involved whether Plaintiff worked overtime hours. After the exchange of time and pay records the parties agreed that Plaintiff regularly worked substantially less than 40 hours per week and that there were only a few weeks in which she could have worked overtime off the clock. Another issue in the case involved Plaintiff's contested joint employer liability claims against Defendants St. John's Rehabilitation Hospital and Nursing Center and Alexis Allen.

4. As a part of the negotiation process, all time and pay records were provided by Compass to Plaintiff.

5. As a part of the settlement, Rosales is receiving full value for what she believes her overtime claim is worth, even though that claim was hotly disputed. The parties agree that as a result of the settlement, Rosales is receiving as much overtime pay as she could recover even if she were to prevail on her claim, as well as full liquidated damages. Rosales is receiving an equal amount of settlement attributable to her unpaid overtime claim and liquidated damages claim. The parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing was taken into account in the parties agreeing upon the resolution memorialized in their Settlement Agreement, a copy of which are attached as Exhibit 1.

6. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

5.      Pursuant to Lynn's Food, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)     the existence of fraud or collusion behind the settlement:
(2)     the complexity, expense, and likely duration of the litigation;
(3)     the stage of the proceedings and the amount of discovery completed;
(4)     the probability of plaintiff's success on the merits:
(5)     the range of possible recovery; and
(6)     the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at * 2-3.

6.      At all times material hereto, Plaintiff and Defendants have been represented by counsel very experienced in the litigation of FLSA claims and the settlement amount and the final

Settlement Agreement were the subject of arms-length negotiations. The parties therefore respectfully submit that the Agreement they have entered into is consistent with the intent and purpose of the Fair Labor Standards Act and the requirements on Lynn's Food, as all of the relevant criteria support approval of the ultimate settlement in this matter.

7. Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants with respect to the settlement ultimately agreed upon. Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, as well as the separate amount to be paid to her counsel, the parties believe it is transparent that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the parties continued to litigate or arbitrate this matter, they would be forced to engage in costly litigation or arbitration in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

8. With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009). In the wake of *Silva*, persuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee

was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." Bonetti, 715 F. Supp.2d at 1228[1]; see also Wing v. Plann B Corp., 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

9. As explained in Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In Bonetti, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

        affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Id.

    10.    Separate and apart, Plaintiff's counsel shall receive $6,600.00 in attorney's fees and $1,128.50 in costs, which have been incurred to date in this action, including preparation and review of all settlement documents. Plaintiff's counsel, who has over 20 years of experience litigating employment-related matters and other types of cases, charges a blended hourly rate of $450.00 effective as of January 1st, 2015, which comprises of $650.00 for Chris Kleppin and $300.00/hr for the non-shareholder attorneys in the office. Mr. Kleppin has billed many clients this rate for many years now. This rate has been approved by this Court. Plaintiff's counsel's previous hourly rate of $400.00 had also been consistently approved and deemed reasonable by this Court as well as going back to late 2009 when he increased it. Before Mr. Kleppin raised his fee to $400.00/hr., there are several opinions awarding Mr. Kleppin $300.00 per hour from approximately 15 years ago. *Dent v. Giaimo*, 665 F. Supp. 2d 1295 (S.D. Fla. 2009) (Ryskamp, J.) (plaintiff vigorously contested the $300.00 per hour hourly rate—requesting award of $187.50 per hour—but, court awarded $300.00 per hour noting that "[t]he Court finds that $300 an hour is a reasonable rate for an attorney of Mr. Kleppin's skill and experience. . . . After examining Mr. Kleppin's time sheet, the Court further finds that the time spent during the selected periods is reasonable. . . . Defendant's Motion was well-reasoned, thorough and persuasive"); *Ortiz v. D & W Foods, Inc.*, 657 F. Supp. 2d 1328 (S.D. Fla. 2009) (Gold, J.) (awarding Mr. Kleppin $300.00 per hour, and noting that he was efficient, and based on "rates charged and approved in this district for comparable work and skill, that $300 is an appropriate hourly rate for [Mr. Kleppin]"); *Tesma v. Maddox-Joines, Inc.*, 2009 WL 230158 (S.D. Fla. 2009) (Zloch, J.) (awarding Mr. Kleppin $300.00 per hour); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 2009 WL 454558 (S.D. Fla.

2009) (Zloch, J.).

11.     Plaintiff's counsel has expended over 32.5 hours on this matter to date (Mr. Kleppin 23.4 hours and Ms. Kisiel 9.1 hours), which includes time spent engaging in informal discovery, extensive review of time and pay records, attorney-client communications with the Plaintiff, settlement negotiations, and other off-the-record activity. (See Exhibit 2, attached *Affidavit of Chris Kleppin*).  Plaintiff's counsel has agreed to take a significant reduction in his fees.

12.     Notwithstanding, Plaintiff's counsel's attorney's fees and costs were negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff.  Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to her attorney.

13.     As set forth by the cited authority above, because attorney's fees and costs were determined separately and apart from Plaintiff's recovery, this Honorable Court should find that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiff and approve the settlement and the fees for Plaintiff's counsel.

12.     Based upon the foregoing, the parties jointly believe the settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action.

WHEREFORE, all parties respectfully request the Court issue an Order: (1) approving the parties' settlement; and (2) dismissing this action with prejudice.

Dated:  July 18, 2023                                              Respectfully submitted,

| | |
|---|---|
| By:   */s/Chris Kleppin*<br>     Chris Kleppin<br>     Fla. Bar No. 625485<br>     chris@KLKlawfirm.com<br>     The Kleppin Law Firm<br>     8751 West Broward Boulevard<br>     Suite 105<br>     Plantation, Florida 33324<br>     Telephone (954) 424-1933<br>     *Attorneys for Plaintiff* | By:   */s/ Roberto J. Diaz*<br>     Roberto J. Diaz<br>     Florida Bar No.: 0084890<br>     rjd@jpfitzlaw.com<br>     J. PATRICK FITZGERALD<br>     & ASSOCIATES, P.A.<br>     110 Merrick Way, Suite 3-B<br>     Coral Gables, FL 33134<br>     Telephone: (305) 443-9162<br>     *Attorneys for Defendant St. John's Rehabilitation Hospital and Nursing Center, Inc.*<br><br>By:   */s/ Steven A. Siegel*<br>     Steven A. Siegel<br>     Fla. Bar No. 497274<br>     ssiegel@fisherphillips.com<br>     FISHER & PHILLIPS LLP<br>     201 East Las Olas Boulevard<br>     Suite 1700<br>     Fort Lauderdale, Florida 33301<br>     Telephone (954) 525-4800<br>     *Attorneys for Defendants, Compass Group USA, Inc., Morrison Management Specialists, Inc. and Alexis Allen* |